# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

B. STANLEY MCCULLARS,

    Plaintiff,

v.                                     Case No: 6:17-cv-1587-Orl-40GJK

GRANT MALOY,

    Defendant.
_____/

## ORDER

This cause is before the Court without oral argument on Defendant's Motion for Reconsideration or Alternative Motion for Clarification (Doc. 83), filed January 4, 2019. The Court ordered Plaintiff to respond on or before Thursday, January 10, 2019. (Doc. 84). Upon further consideration, however, the Court does not require the benefit of briefing by Plaintiff. The Motion for Reconsideration is due to be denied, and the Alternative Motion for Clarification is resolved herein.

On December 18, 2018, the Court entered an Order resolving the parties' pending summary judgment motions. In concluding, the Court found:

> Because Plaintiff and Defendant both have legitimate interests on their respective sides of the *Pickering* scales, and since it is unclear whose interests are more robust, summary judgment is inappropriate. A reasonable jury could easily find for either party.

(Doc. 72, p. 16). Defendant correctly points out that the *Pickering* balancing test is to be performed by the trial judge, not the jury. *See Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1157 (11th Cir. 2002) ("If that threshold is established, the trial judge proceeds to

the second stage and applies the *Pickering* balancing test, weighing the interests of the public employee against the interest of the public employer . . . ." (emphasis added)).

In light of the Court's apparent mistake, Defendant "requests th[e] Court reconsider its decision to deny Defendant's Motion for Summary Judgment." (Doc. 83, p. 4). "To prevail on his wrongful termination claim, Plaintiff must show by a preponderance of the evidence that his 'first amendment interest in engaging in the speech outweighs the employer's interest in prohibiting the speech in order to promote the efficiency of the public services it performs through its employees.'" (Doc. 72, p. 13 (quoting *Stanley v. City of Dalton, Ga.*, 219 F.3d 1280, 1288 (11th Cir. 2000))). Defendant moved for summary judgment, arguing in part that "the interest of the Clerk's office in avoiding adverse effects on its functioning . . . clearly outweigh McCullars' minimal interest in expressing his personal anger in social media using offensive and racist language." (Doc. 51, p. 14).

Although the Court incorrectly noted that a jury could find for either party on the *Pickering* balancing test, correcting that mistake does not change the result—namely, that Defendant's Motion for Summary Judgment (Doc. 51) as to the official capacity claim is denied. That is because of the standard of review applicable to Defendant's motion. At summary judgment, the Court must avoid credibility determinations and must "draw reasonable inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor." (*Id.* at p. 7 (quoting *Specialty Malls of Tampa v. City of Tampa*, 916 F. Supp. 1222, 1227 (M.D. Fla. 1996))). Applying this standard to Defendant's summary judgment motion, the record amply supports a finding that Plaintiff's interest in engaging in the speech at issue outweighs Defendant's interest

in prohibiting the speech to promote workplace efficiency. Moreover, upon applying the same standard to Plaintiff's summary judgment motion, the record conversely supports the opposite finding, that Defendant's interest trumps Plaintiff's.

This matter must therefore be decided at trial, not on summary judgment, after the record is more fully developed and when the Court is not restrained by the standard of review applicable to summary judgments. The Court next addresses Defendant's alternative motion, to "clarify the issues to be decided by the jury at trial." (Doc. 83, p. 5). At trial, the Court will: (1) decide whether Plaintiff's speech "may be 'fairly characterized as constituting speech on a matter of public concern,'" and, if so, (2) "appl[y] the *Pickering* balancing test." *See Brochu*, 304 F.3d at 1157. If the Court finds for Plaintiff on the first two steps, the jury will then be tasked with deciding: (3) whether the speech "played a substantial role" in an adverse employment action suffered by Plaintiff,[1] and if so, (4) whether Defendant would have taken the same action in the absence of the speech. *See Beckwith v. City of Daytona Beach Shores*, 58 F.3d 1554, 1564 (11th Cir. 1995).

Accordingly, Defendant's Motion for Reconsideration or Alternative Motion for Clarification (Doc. 83) is **DENIED**, and Defendant's Motion for Clarification is resolved as provided herein. Further, the Court's January 7, 2019, Endorsed Order (Doc. 84) is **VACATED**.

---

[1] Furthermore, whether Plaintiff suffered an "adverse employment action" is a fact question to be decided by the jury. *See Thomas v. Dillard Dep't Stores, Inc.*, 116 F.3d 1432, 1437 (11th Cir. 1997); (Doc. 72, pp. 9–10).

**DONE AND ORDERED** in Orlando, Florida on January 8, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record